UNITED STATES of America, Appellee,

v.

Ronald THORNLEY, Defendant,
Appellant.

No. 83–1473.

United States Court of Appeals,
First Circuit.

Argued March 9, 1984.

Decided May 2, 1984.

Richard M. Egbert, Boston, Mass., by appointment of the Court, with whom Harry C. Mezer, Boston, Mass., was on brief, for defendant-appellant.

Robert D. Krause, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

## THE PREVIOUS PORTIONS OF THIS OPINION WERE RELEASED IN UNPUBLISHED FORM[1]

*Sentencing*

Finally, defendant contests the sentence imposed by the district court under the dangerous special offender statute, 18 U.S.C. § 3575. Under this statute, which apparently has not been used before in this circuit, a defendant convicted of a felony is subject to an enhanced sentence if found to be a "dangerous special offender." Section 3575(b) provides in pertinent part:

> If it appears by a preponderance of the information, including information submitted during the trial of such felony and the sentencing hearing and so much of the presentence report as the court relies upon, that the defendant is a dangerous special offender, the court shall sentence the defendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony. Otherwise it shall sentence the defendant in accordance with the law prescribing penalties for such felony. The court shall place in the record its findings, including an identification of the information relied upon in making such findings, and its reasons for the sentence imposed.

1. Editor's note: The text of footnote one appeared in the portion of the opinion that was released in unpublished form.

A defendant is classified as a "special offender" within the meaning of the statute if his criminal history falls into one of three categories under § 3575(e)[2]. Under § 3575(f), "[a] defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant."

In this case, two sentencing hearings were held. A hearing was first held to determine if the defendant was a "dangerous special offender"; it was determined that he was. A second hearing was then held on the sentence to be given; defendant was sentenced to a seven-year term of imprisonment to be served consecutively to a five-year term he is currently serving for a Dyer Act conviction. The maximum sentence for the offense of which defendant was convicted was two years imprisonment.

■ Defendant conceded at the sentencing hearing that he was a "special offender" under § 3575(e) but disputes that he is "dangerous" under § 3575(f). Defendant has obliquely suggested that the statute may be unconstitutional because it uses the "preponderance of the evidence" standard. Since this contention was not raised below, it is untimely and we do not consider it.

*United States v. Sachs*, 679 F.2d 1015, 1018 (1st Cir.1982).

The sentence imposed under 18 U.S.C. § 3575 is subject to review under 18 U.S.C. § 3576, which provides in pertinent part: The court of appeals on review of the sentence may, after considering the record, including the entire presentence report, information submitted during the trial of such felony and the sentencing hearing, and the findings and reasons of the sentencing court, affirm the sentence, impose or direct the imposition of any sentence which the sentencing court could originally have imposed, or remand for further sentencing proceedings and imposition of sentence, except that a sentence may be made more severe only on review of the sentence taken by the United States and after hearing.... The court of appeals shall state in writing the reasons for its disposition of the sentence.

Cognizant of the importance of appellate review of sentences imposed on dangerous special offenders and the broad range of our review powers, *United States v. Felder*, 706 F.2d 135, 137–38 (3d Cir.1983), we turn to defendant's claims.

■ Defendant first argues that the district court "relied heavily" on pending indictments in finding him a dangerous of-

---

2. 18 U.S.C. § 3575(e) provides in pertinent part:
(e) A defendant is a special offender for purposes of this section if—
(1) the defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last such previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency or instrumentality thereof; or
(2) the defendant committed such felony as part of a pattern of conduct which was criminal under applicable laws of any jurisdiction, which constituted a substantial source of his income, and in which he manifested special skill or expertise; or
(3) such felony was, or the defendant committed such felony in furtherance of, a conspiracy with three or more other persons to engage in a pattern of conduct criminal under applicable laws of any jurisdiction, and the defendant did, or agreed that he would, initiate, organize, plan, finance, direct, manage, or supervise all or part of such conspiracy or conduct, or give or receive a bribe or use force as all or part of such conduct.

fender. The short answer is that this is not so. Our review of the sentencing hearing shows that the court evaluated defendant on the basis of the presentence report, his prior extensive record, and a psychiatric report. The court was, of course, aware of the pending indictments and was entitled to consider them.

The factors considered in determining dangerousness are not different from factors normally considered by a judge in the sentencing process, nor is the discretion vested in the trial court any greater than discretion usually exercised in sentencing. Many procedural protections applicable upon trial of guilt or innocence do not apply to the determination of sentence after conviction. The court is not restricted at that stage to information received in open court. *Williams v. New York*, 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949).

*United States v. Neary*, 552 F.2d 1184, 1194 (7th Cir.), *cert. denied*, 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d 139 (1977). *See also United States v. Warme*, 572 F.2d 57, 62 (2d Cir.), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 393 (1978). It has been expressly held that indictments may be considered by a sentencing judge. *United States v. Papajohn*, 701 F.2d 760, 763 (8th Cir.1983); *United States v. Garcia*, 693 F.2d 412, 416 (5th Cir.1982); *United States v. Metz*, 470 F.2d 1140, 1142 (3d Cir.1972), *cert. denied*, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973).

■ Finally, defendant argues that the sentence of seven years was disproportionate to the maximum sentence of two years for the offense itself. Our review of other sentences imposed on dangerous special offenders where the underlying conviction was also based on 18 U.S.C.App. § 1202(a) shows that the sentence was well within the range of sentences given in those cases: six years—*United States v. Cox*, 719 F.2d 285 (8th Cir.1983); twelve years—*United States v. Davis*, 710 F.2d 104, 109–10 (3d Cir.1983); ten years—*United States v. Harris*, 703 F.2d 508, 509 (11th Cir.1983) (*rev'd on other grounds*); eight years—*United States v. Williamson*, 567 F.2d 610, 616–17 (4th Cir.1977); five years—*United States v. Bowdach*, 561 F.2d 1160, 1163 (5th Cir.1977).

We have carefully considered the record, the entire presentence report, the information submitted during the trial, the sentencing hearing, and the findings and reasons of the sentencing court.

The defendant has an extensive adult criminal record starting with the conviction for assault on November 25, 1958. The subsequent offenses for which defendant was convicted include robbery (1959), assault (1960), assault and battery (1963), assault (1963), attempted breaking and entering at night (1965), attempt to commit a felony (1965), possessing burglary tools—search of car revealed an automatic pistol and a revolver (1965), assault with a dangerous weapon (1967), assault (1970), committing a crime of violence while armed with a dangerous weapon and assault with a dangerous weapon—defendant shot victim three times in leg (1965), assault on a correctional officer (1975).

The presentence report contains this summary of a psychiatric evaluation: "Thornley's difficulties are on the basis of a personality disorder; namely, that of a passive-aggressive personality and that he is liable to continue to act aggressively if his masculinity is threatened."

The probation officer noted that Thornley's "past incarcerations and previous period of probation supervision have not positively affected his behavior."

We affirm the district court's finding that defendant is a dangerous special offender and affirm the sentence of the district court.

*Affirmed.*