**UNITED STATES of America, Appellee,**

v.

**John R. FRITSCH, Appellant.**

**No. 89–5003.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Dec. 12, 1989.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Minneapolis, Minn., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

BEAM, Circuit Judge.

John R. Fritsch appeals his three-month sentence imposed by the district court [1] following his plea of guilty to theft of mail by a postal service employee in violation of 18 U.S.C. § 1709 (1982). Fritsch asserts for the first time in this appeal that the Sentencing Guidelines are invalid as applied to him because they do not provide statutorily mandated guidance regarding sentences of probation. Fritsch failed to raise this issue in the district court; therefore, we decline to review it here.

## I. BACKGROUND

Fritsch was indicted on three counts of theft of mail and agreed to plead guilty to one count in exchange for dismissal of the remaining two counts. The plea agreement acknowledged the applicability of the Sentencing Guidelines and set forth that

---

**1.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

the maximum possible time of imprisonment was five months, based on the applicable range of 0–5 months. At the sentencing hearing, the judge stated that under the terms of the plea agreement he was "free to impose a sentence of anywhere from zero to five months of imprisonment" and asked counsel if this statement was correct. Both counsel responded that it was correct. Sentencing Transcript at 4. Fritsch stated that he had no comments to make before he was sentenced.

## II. DISCUSSION

Fritsch contends that the Sentencing Commission failed to set forth guidelines that sufficiently guide the sentencing court in making the incarceration or probation decision. Specifically, he asserts that the Commission is required, under 28 U.S.C. § 994 (Supp. V 1987), to promulgate guidelines that set forth probation as the only available sentence for specific offenses. Because the Commission did not follow the statutory requirements, the guidelines promulgated, according to Fritsch, are invalid.

■ Fritsch did not assert his challenge to the validity of the probation guidelines in the district court. "Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice." *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir.1988); *United States v. Sanders*, 834 F.2d 717, 719 (8th Cir.1987); *see also United States v. Thornley*, 733 F.2d 970, 971 (1st Cir.1984) (holding that a challenge to the constitutionality of a dangerous special offender sentence enhancement statute not raised in the district court would not be reviewed on appeal); *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (holding that defendant's failure to raise the voluntariness of his guilty plea in the district court barred review on appeal). "This rule is followed 'in all but exceptional cases where the obvious result would be a plain miscarriage of justice or inconsistent with sub-

stantial justice.' " *Edwards v. Hurtel*, 724 F.2d 689, 690 (8th Cir.1984) (quoting *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir.1983)). *Cf. United States v. Corn*, 836 F.2d 889, 893–95 (5th Cir.1988) (holding miscarriage of justice to impose $6,000,000 in restitution without warning defendant at time of plea of possibility of restitution).

■ We fail to see how enforcement of the plea agreement will result in a miscarriage of justice. Fritsch approved the proposal with full knowledge of the potential penalties. Furthermore, Fritsch, by accepting the benefits of the plea agreement (the dismissal of two counts of the indictment) and by agreeing that the guidelines should be applied (including a possible five-month sentence), waived any objection to the validity of the Sentencing Guidelines.

This court has held that a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal. *United States v. Pratt*, 657 F.2d 218, 220 (8th Cir.1981). In *Pratt*, the defendant pleaded guilty to two counts of distributing a controlled substance in exchange for the dismissal of four other counts. He also acknowledged that he was subject to punishment for both offenses. On appeal, he challenged his sentences, which included two consecutive five-year terms, because he claimed the offenses actually involved only one transaction, thus creating a violation of the double jeopardy clause. The court recognized that a waiver of a constitutional right "is not lightly to be presumed" but held that the defendant had waived any double jeopardy claims. *Id.* at 221.

Fritsch's challenge does not involve a factual issue and, therefore, is somewhat distinguishable from *Pratt*. However, we believe that it would be unjust to allow Fritsch to agree to the application of the Sentencing Guidelines and reap the benefits of his plea and then assert that they are invalid. *See also United States v. Lemire*, 720 F.2d 1327, 1352 & n. 37 (D.C.Cir. 1983), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984) (holding defendant's statement that he was fully prepared to pay restitution was a waiver of

challenge to the court's power to impose restitution).

Even if we were inclined to address the validity of the probation guidelines, it is unlikely that we would reverse the district court. Congress did not require the Sentencing Commission to establish a mandatory sentence of probation for certain offenses. *See* 28 U.S.C. § 994. Section 994 sets forth the duties of the Commission and requires the Commission to establish guidelines "for use of a sentencing court in determining the sentence to be imposed in a criminal case, including ... a determination whether to impose a sentence to probation, a fine, or a term of imprisonment." *Id.* § 994(a)(1)(A). This section further sets forth the appropriate factors the Commission should take into account when considering whether a sentence to probation, a fine, or imprisonment should be imposed. *Id.* § 994(b)(2)(c), (d).

Section 994 does not appear to require the Commission to establish probation as the only sentence for specific offenses. "[T]he Commission enjoys significant discretion in formulating guidelines." *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989). In the absence of a clear statutory requirement of mandatory sentences to probation, we would find it difficult to hold that the probation guidelines promulgated under the broad delegation contained in section 994 are invalid.

## III. CONCLUSION

Fritsch did not properly preserve his claim for review by this court; therefore, the district court's judgment is affirmed.