**UNITED STATES of America, Appellee,**

v.

**David George DURHAM, Appellant.**

No. 91–3311.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1992.

Decided April 29, 1992.

**186**

Colia F. Ceisel, St. Paul, Minn., argued, for appellant.

Paul A. Murphy, Minneapolis, Minn., argued (Thomas B. Heffelfinger and Paul A. Murphy, Minneapolis, Minn., on brief), for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

David George Durham appeals the twenty-five-year sentence imposed by the District Court[1] for the District of Minnesota upon his plea of guilty to conspiracy to possess and distribute cocaine base ("crack"), in violation of 21 U.S.C.A. § 846 (West Supp.1991), and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1991). For the reasons discussed below, we affirm the judgment of the district court.

Durham entered his plea pursuant to a plea agreement under which the government dismissed six other counts. The parties stipulated that the offense involved 269.07 grams of crack. The agreement provided that the government would file an information pursuant to 21 U.S.C. § 851 informing the court of one of Durham's two prior state felony convictions for attempting to procure a controlled substance by fraud. The parties calculated the sentencing range as 30 years to life on the drug count plus a five-year mandatory penalty for the firearm charge. Durham acknowledged that the twenty-year mandatory minimum applied to the drug charge and that the combined minimum sentence was twenty-five years imprisonment. Durham agreed to cooperate, and the government agreed to file a motion under U.S.S.G. § 5K1.1 for a departure below the Guidelines range.

At sentencing, the government moved for a downward departure under § 5K1.1. Durham sought a departure to fifteen years. The court granted the government's motion, but concluded it lacked authority to depart below the statutory mandatory minimum without a separate motion by the government under 18 U.S.C.A. § 3553(e) (West Supp.1991). The court sentenced Durham to a term of twenty five years: twenty years for the drug conspiracy with an additional five years for the firearm use.

On appeal, Durham argues that: (1) the court had power to depart below the mandatory minimum based on the govern-

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

ment's § 5K1.1 motion; (2) his felony convictions for attempting to procure drugs by fraud did not trigger the twenty-year mandatory minimum of § 841(b) or application of the career offender provisions of the Guidelines; and (3) he was entitled to a two-level adjustment for acceptance of responsibility.

█ Durham waived any objection to the twenty-five-year sentence by agreeing that it was the minimum sentence mandated by the statutes, and by accepting the benefit of the plea agreement. "[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." *United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989) (citation omitted) (defendant who agreed guideline applied and accepted benefit of agreement waived any objection to guideline's validity); *see also United States v. Andersen*, 928 F.2d 243, 245 (8th Cir.1991) (per curiam) (although under Guidelines court must consider defendant's ability to pay restitution and court found defendant did not have such ability, defendant could not challenge sentence enforcing restitution provision set out in plea agreement).

█ In any event, Durham's sentence was appropriate. Under 21 U.S.C.A. § 841(b)(1)(A)(iii) (West Supp.1991), a defendant must be sentenced to no less than twenty years imprisonment if his offense involved fifty or more grams of crack and the government files an information informing the court that the defendant has one "prior conviction for a felony drug offense." The statute broadly defines a "felony drug offense" as "an offense that is a felony under any provision of this title or any other Federal law that prohibits or restricts conduct relating to narcotic drugs ... or a felony under any law of a State or a foreign country that prohibits or restricts conduct relating to narcotic drugs...." 21 U.S.C.A. § 841(b) (West Supp.1991). Durham's conviction for attempting to procure controlled substances by fraud was a felony drug offense under Minnesota law and, therefore, is a "felony drug offense" for

purposes of triggering the sentence enhancement provisions of § 841(b). Durham does not dispute that a consecutive five-year term was required under 18 U.S.C.A. § 924(c)(1) (West Supp.1991). Thus, the district court was constrained by statute to impose the twenty-five-year sentence. *See United States v. Rodriguez–Morales*, 958 F.2d 1441, 1447 (8th Cir.1992) (district courts do not have authority to depart below statutory mandatory minimum absent separate motion by the government under 18 U.S.C. § 3553(e)).

Accordingly, we affirm the judgment of the district court.