962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Barry Steven WALLACE, Appellant.
 No. 91-3699MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: May 15, 1992.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Barry Steven Wallace pleaded guilty to possession of an unregistered firearm, the district court sentenced him to imprisonment for 84 months. Wallace appeals his sentence, and we affirm.
 
 
 2
 Count I of the indictment charged Wallace with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Count II charged Wallace with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). In exchange for the Government's dismissal of Count I, which carried a mandatory minimum sentence of 15 years, 18 U.S.C. § 924(e), Wallace pleaded guilty to Count II. In the written plea agreement, the parties anticipated a base offense level of 20 and a criminal history category of IV or V, yielding sentencing ranges of 51-63 or 63-78 months. Nevertheless, the parties agreed that Wallace's criminal history category did not adequately reflect the seriousness of his past criminal conduct, and thus, the district court could depart upward under U.S.S.G. § 4A1.3. The parties agreed that any "upward departure would be limited to 84-105 months imprisonment, which is the guideline range for an offense level of 22 and a criminal history category of VI."
 
 
 3
 After the parties entered the plea agreement, the presentence investigative report (PSR) recommended a base offense level of 16 and a criminal history category of IV, yielding a sentencing range of 33-41 months. At the plea hearing, Wallace acknowledged he understood the plea agreement and wanted to abide by its terms. Wallace also acknowledged he understood the importance of avoiding the 15-year mandatory minimum sentence applicable to Count I and that the court could sentence him to 105 months imprisonment. At the sentencing hearing, however, Wallace's attorney recognized the plea agreement was premised on a higher offense level than the PSR, and argued the district court should use the PSR's offense level but depart upward to a higher criminal history category. The district court adopted the PSR's findings and guidelines application, but departed upward from the recommended range of 33-41 months to 84 months, to reflect Wallace's past criminal history and the plea agreement's range of 84-105 months. On appeal, Wallace challenges the extent of the district court's departure. See United States v. Anderson, 886 F.2d 215, 216 (8th Cir. 1989) (per curiam).
 
 
 4
 Although Wallace did not expressly waive the right to appeal his sentence, he agreed that a sentence of up to 105 months was appropriate. "[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). Thus, Wallace waived any objection to the 84-month sentence. See United States v. Durham, No. 91-3311, slip op. at 2-3 (8th Cir. Apr. 29, 1992) (defendant who acknowledged in plea agreement that mandatory minimum sentence was twenty-five years waived objection to twenty-five year sentence); see also Fritsch, 891 F.2d at 668 (defendant who agreed guideline applied waived any objection to guideline's validity); United States v. Andersen, 928 F.2d 243, 245 (8th Cir. 1991) (per curiam) (although district court found defendant lacked ability to pay restitution, defendant could not challenge sentence enforcing restitution provision contained in plea agreement). Because Wallace avoided a possible 15 year sentence in exchange for his guilty plea and agreement to a sentencing range of up to 105 months, we do not believe we should interfere with the plea bargain. See United States v. Rutan, 956 F.2d 827, 829-30 (8th Cir. 1992). The sentence imposed was within the range anticipated in the negotiated agreement, and Wallace knowingly and voluntarily entered the agreement. See id. Because Wallace waived any challenge to his 84 month sentence, we need not address the merits of the district court's departure.
 
 
 5
 Accordingly, we affirm.