966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Lee Alfred EDWARDS, Appellant.
 No. 91-3427.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1992.
Filed: June 16, 1992.
 
 Before BOWMAN, LOKEN, Circuit Judges, and HUNTER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Lee Alfred Edwards appeals from the ten-year sentence imposed by the district court[1] upon his plea of guilty to conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846 (1988). We affirm.
 
 
 2
 Edwards was charged with conspiracy to distribute crack and possession with intent to distribute crack. Pursuant to the plea agreement, Edwards pleaded guilty to the conspiracy count and agreed the conspiracy involved over fifty grams of crack. The government agreed not to prosecute Edwards for any other federal drug offenses committed as of the date of the agreement. Edwards acknowledged he faced a minimum term of imprisonment of ten years. See 21 U.S.C. § 841(b)(1)(A)(iii) (1988) (ten-year minimum for offenses involving fifty or more grams of crack). He also expressly waived any and all objections to a sentence consistent with the agreement.
 
 
 3
 The presentence report (PSR) noted that, under the statute, the mandatory minimum sentence was ten years imprisonment. It also calculated Edwards's sentencing range under the Guidelines as 97 to 121 months, based on an adjusted offense level of 30 and a criminal history category of I. Finally, the PSR suggested that the sentencing court consider a downward departure because Edwards suffers from aplastic anemia, a traditionally fatal condition. See United States Sentencing Commission, Guidelines Manual, § 5H1.4, p.s. (Nov. 1991).
 
 
 4
 At the sentencing hearing, Edwards argued the PSR overstated the amount of crack involved in the conspiracy and contended he was entitled to a departure below the mandatory minimum due to his medical condition. The district court rejected his arguments and concluded it had no authority to depart below the mandatory minimum. On appeal, Edwards argues the district court erred in finding the conspiracy involved fifty or more grams of crack and in denying his request for a departure under section 5H1.4.
 
 
 5
 "[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). Edwards's challenges to his sentence are precluded by the plea agreement. He expressly waived all objections to a sentence consistent with the agreement and the ten-year sentence is entirely consistent with the terms of the plea agreement. See United States v. Durham, No. 91-3311, slip op. at 2-3 (8th Cir. April 29, 1992) (defendant waived objection to sentence by agreeing it was mandatory minimum and accepting benefit of plea agreement).
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa