978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Roger L. SCHAGER, Appellant.
 No. 91-3828.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 28, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger L. Schager appeals the sentence imposed on him by the district court[1] after he pleaded guilty to violating 15 U.S.C. § 714m(a) (making false statements to Commodity Credit Corporation for purpose of obtaining money under government farm programs). Schager argues that the court improperly imposed restitution for certain dismissed charges in violation of Hughey v. United States, 495 U.S. 411 (1990), and erred in failing to consider his ability to pay restitution by the end of his three-year supervised release term. We affirm.
 
 
 2
 Because Schager failed to raise the Hughey issue in the district court, and because we find no plain error resulting in a miscarriage of justice, we uphold the imposition of restitution for the dismissed charges. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989) (issues not raised in district court and raised for first time on appeal will not be considered as basis for reversal absent plain error resulting in miscarriage of justice).
 
 
 3
 We conclude that the district court did not err in failing to consider Schager's financial position and ability to pay the restitution by the end of his supervised release term. Schager had the burden of demonstrating his financial condition. See 18 U.S.C. § 3664(d). Although he originally objected to the provisions in the presentence report (PSR) concerning his net worth and ability to pay and indicated that he would attempt to secure documents showing that he had lost the money he received under the farm programs, Schager failed to present these documents at his sentencing hearing. The district court asked Schager's attorney at the hearing if there were other contested matters in the PSR that the court should consider prior to sentencing, and Schager's attorney indicated that there were not. We note that, in cases where a defendant is unable to pay restitution as ordered, the court may not revoke or modify the defendant's term of supervised release without considering at that time the defendant's financial condition. See 18 U.S.C. § 3663(g).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge