982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Carlos Enrique GUTIERREZ, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3117.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 29, 1992.
 
 Before LOKEN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Carlos Enrique Gutierrez, a federal prisoner, appeals from the district court's[1] order denying a post-judgment pleading he captioned, "Motion To Review a Sentence Title 18 U.S.C. 3742(2)." We affirm.
 
 
 2
 Gutierrez pleaded guilty to conspiracy to possess with intent to distribute one kilogram of cocaine. The plea agreement provided that the government would dismiss two other counts of the indictment and would consider any information and cooperation Gutierrez might provide in determining, in its sole discretion, whether to move for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Gutierrez acknowledged in the plea agreement and at his plea hearing that the charge carried a mandatory minimum penalty of five years imprisonment. At sentencing, the government did not file a downward departure motion. On July 19, 1991, the district court entered judgment sentencing Gutierrez to sixty months imprisonment and four years supervised release. Gutierrez did not file a direct appeal.
 
 
 3
 On July 28, 1992, Gutierrez filed this pro se Motion To Review, arguing, as he does on appeal, that his understanding of the plea agreement was that he would receive a downward departure from the mandatory minimum sentence, and that the district court erred in not affording him a departure. The government responded to this motion on the merits, arguing that Gutierrez's sentence was consistent with the plea agreement and the court could not have departed below sixty months without a government motion. The district court denied Gutierrez's motion as without merit, and this appeal followed.
 
 
 4
 Rule 35 of the Federal Rules of Criminal Procedure no longer permits a defendant to file a motion to review or correct a sentence in these circumstances. Likewise, § 3742(a), the statute cited in the caption of Gutierrez's motion, does not authorize a motion to the district court to review a sentence. However, a sentence may be challenged by a motion to the district court under 28 U.S.C. § 2255. Given the principle favoring liberal construction of pro se pleadings, we think the district court had discretion to treat Gutierrez's pleading as a § 2255 motion. Therefore, both the district court and this court have jurisdiction to reach the merits of that motion.
 
 
 5
 Turning to the merits, we agree with the district court that Gutierrez was sentenced consistent with his plea agreement and with the record made at the time he entered his plea. In the plea agreement, the government expressly reserved the sole discretion to determine whether to file a downward departure motion, and Gutierrez acknowledged that a sixty month mandatory minimum sentence otherwise applied to the charge. Therefore, Gutierrez waived the right to challenge the sixty month sentence he received. See United States v. Durham, 963 F.2d 185, 187 (8th Cir. 1992).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DIANA E. MURPHY, United States District Judge for the District of Minnesota