986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven HERRICK, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2361.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 30, 1992.
Filed: January 19, 1993.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Herrick appeals from the district court's[1] order denying his motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 The government charged Herrick with conspiring to distribute marijuana, in violation of 21 U.S.C. § 846, and with using a communication device to facilitate the distribution of a controlled substance, in violation of 21 U.S.C. § 843(b). Herrick stipulated in his plea agreement that he was a minor participant in a marijuana distribution conspiracy that existed from 1984 through April 1989, and that his involvement in it resulted in the distribution of over 100 kilograms of marijuana. He agreed to plead guilty to the conspiracy and to cooperate; the government agreed to dismiss the other charge. Herrick stated in the plea agreement that he understood the statutory penalty was ten years to life imprisonment, because the evidence would show he was involved with over 100 kilograms of marijuana and had a prior drug felony conviction. See 21 U.S.C. § 841(b)(1)(B)(vii). The agreement stated that Herrick's base offense level would be 26, but that he would be subject to a career offender classification with an offense level of 37. See U.S.S.G. § 4B1.1(A) (base offense level is 37 where offense statutory maximum is life). The agreement further stated that Herrick was entitled to a two-point decrease for acceptance of responsibility-subjecting him to a total offense level of 35-and that his felony convictions would give him a criminal history category of VI. The sentencing range was thus projected at 292-365 months. The government agreed to move for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to a maximum sentence of 120 months. The parties reserved the right to appeal any sentence based on a computation outside the range to which they had agreed. Herrick testified at his plea hearing that he understood the statutory and Guideline penalties he faced, as set forth in the plea agreement. He acknowledged that by pleading guilty, he was giving up his normal rights to appeal the court's decisions, except as stated in the plea agreement.
 
 
 3
 Consistent with the plea agreement, the district court set Herrick's offense level at 37 under the career offender provision, subtracted two points for acceptance of responsibility, and assigned him a category VI history, see U.S.S.G. § 4B1.1 (career offender's criminal history category is always VI), arriving at a sentencing range of 292-365 months. The court granted the government's motion for a downward departure, sentencing Herrick to eighty-four months imprisonment and eight years supervised release.
 
 
 4
 Herrick did not appeal his sentence. In August 1992, he filed this motion to vacate. He argued that because he had personally been involved with less than fifty kilograms of marijuana and the government had not filed sentence-enhancement information as required by 21 U.S.C. § 851(a), the correct statutory maximum in his case was five years imprisonment under 28 U.S.C. § 841(b)(1)(D)-the maximum penalty for persons who are convicted of a drug offense involving less than fifty kilograms of marijuana and who have no prior felonies. Under this scenario, the Guidelines range would have been 41-51 months. Herrick also argued that his sentence was disproportionately higher than those of his more culpable codefendants, and that counsel was ineffective for allowing him to be sentenced under incorrect Guideline and statutory penalties. The district court denied Herrick's motion. This appeal followed.
 
 
 5
 Herrick waived the right to challenge his sentence, because it fell within the range anticipated in the negotiated plea agreement. See United States v. Durham, 963 F.2d 185, 187 (8th Cir.), cert. denied, 61 U.S.L.W. 3418 (1992). Herrick argues that the plea agreement was not valid, because he was misled as to the law affecting his sentence. We agree with the district court, however, that counsel correctly advised Herrick that he was subject to the penalties set forth in the plea agreement.
 
 
 6
 We also reject Herrick's ineffective-assistance claim, because, as we have said, counsel correctly advised Herrick of the potential penalties he faced. Counsel cannot be faulted for failing to object to the sentencing range the district court calculated, because Herrick had agreed in his plea agreement that he was subject to that range. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HARRY H. MACLAUGHLIN, Chief Judge, United States District Judge for the District of Minnesota