989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Thomas Robert HUBERS, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2989.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 24, 1993.
Filed: March 30, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Robert Hubers appeals from the district court's[1] order denying his motion under 28 U.S.C. § 2255 to vacate his sentence. We affirm.
 
 
 2
 Hubers entered into a plea agreement in which he agreed to plead guilty to possessing one kilogram of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a). Hubers stipulated to facts warranting application of the career offender Guideline, U.S.S.G. § 4B1.1, namely, that he was at least eighteen when the offense occurred, it involved narcotics trafficking, and he had at least two prior felony convictions involving controlled substances. He further agreed that his criminal history category was VI and his offense level was 34 under the career offender Guideline, see U.S.S.G. § 4B1.1 & (A), and that he was subject to a sentencing range of 262 to 327 months.
 
 
 3
 The district court assigned Hubers a base offense level of 34 under section 4B1.1, subtracted two levels for acceptance of responsibility-thereby lowering the sentencing range to 210 to 262 months-and sentenced Hubers to 210 months imprisonment. We affirmed Hubers's sentence on direct appeal. United States v. Hubers, 938 F.2d 827, 829-30 (8th Cir.) (per curiam), cert. denied, 112 S. Ct. 427 (1991). Hubers then filed this motion, arguing that the district court erroneously considered relevant conduct in computing his base offense level.[2] The court stated that it had made a mathematical error when it noted at sentencing what Hubers's base offense level would have been under the drug quantity method, but found that the error was harmless inasmuch as it had assigned Hubers a base offense level-which was higher-under the career offender Guideline, based on the statutory maximum sentence Hubers's offense of conviction carried. Hubers reasserts his argument here. He also argues that the court erred in relying on his prior convictions in applying the career offender Guideline.
 
 
 4
 Hubers stipulated to the factors warranting application of the career offender Guideline, agreed he was subject to a sentencing range of 262 to 327 months (and ultimately received an even lesser sentence), and did not object at sentencing to the court's application of the career offender Guideline to him. We conclude that Hubers waived the claims he raises here. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). We reject as meritless any claim that the court's ruling on his section 2255 motion was a second "sentencing" proceeding.
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE DONALD D. ALSOP, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 He also raised another ground which the district court rejected and Hubers has not reasserted in this appeal