67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ronald D. LANG, Appellant.
 No. 95-1400.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995.
Filed: Sept. 26, 1995.$AP1Appeal from the United States
District Court for the Western District of Missouri.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald D. Lang challenges the 57-month sentence imposed by the district court[1] after he pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(C). We affirm.
 
 
 2
 Pursuant to a written plea agreement, the parties agreed that conspiracy and possession charges would be dismissed and that 459.2 grams of methamphetamine would be used in calculating Lang's sentence under the Sentencing Guidelines. The presentence report (PSR) recommended that Lang should be held accountable under U.S.S.G. Sec. 1B1.3 (relevant conduct) for the amount of controlled substances the conspirators were capable of producing, which converted to a marijuana equivalency of 1922.2 kilograms. The PSR thus calculated a base offense level of 32, total offense level of 29, criminal history category of III, and Guidelines range of 108 to 135 months.
 
 
 3
 Lang objected to the PSR's offense-level calculation, stating that he entered into the plea agreement with the understanding that he would be held accountable for 459 grams of methamphetamine. The district court found Lang should be held responsible for 459.2 grams and amended the PSR to reflect a total offense level of 23, resulting in a Guidelines range of 57 to 71 months; Lang did not disagree with the court's calculations.
 
 
 4
 On appeal, Lang contends the district court clearly erred in holding him accountable for 459.2 grams of methamphetamine, as the acts and omissions on which that amount was based were not part of the same course of conduct or common scheme or plan as his offense of conviction, and thus did not constitute relevant conduct within the meaning of section 1B1.3(a)(1)(B).
 
 
 5
 We conclude that Lang did not preserve this issue for appeal, because he failed timely to object and state the grounds for his objection and thus deprived the district court of an opportunity to address the alleged error. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir.1993) (absent gross miscarriage of justice, court will not reverse on issue raised for first time on appeal). Moreover, Lang cannot challenge the drug-quantity calculation because he agreed in his plea agreement to be held accountable for 459.2 grams of methamphetamine. Cf. United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989) (defendant who voluntarily and explicitly exposes himself to specific sentence may not challenge punishment on appeal).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri