_____

No. 95-2837
_____

United States of America,      \*
                                 \*
        Appellee,        \*
                                 \*  Appeal from the United States
    v.                    \*  District Court for the
                                 \*  District of Minnesota.
Joseph Michael Sazenski,     \*
                                 \*      [UNPUBLISHED]
        Appellant.      \*

_____

Submitted:  January 4, 1996

Filed:  January 24, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Joseph Michael Sazenski challenges the 135-month sentence imposed by the district court[1] after he pleaded guilty to attempting to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.  We affirm.

Sazenski's written plea agreement specifically stated that Sazenski would receive a two-level aggravating-role enhancement under U.S.S.G. § 3B1.1(c).  The probation officer who prepared Sazenski's presentence report, however, did not include the enhancement, concluding that Sazenski and a co-defendant--who did not receive the enhancement--had equal roles in the offense.  The

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

government objected, citing the plea agreement.  The district court found that Sazenski actively led and directed the activities of two couriers whom he employed to assist him in transporting drugs, applied the enhancement, and sentenced Sazenski to 135 months imprisonment and eight years supervised release.

We reject Sazenski's contention that the district court clearly erred in finding that he had an aggravating role in the offense.  Sazenski waived his objection to the application of the enhancement by approving the plea agreement "with full knowledge of the potential penalties" and by accepting the benefits of the plea agreement.  See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989).  We further reject Sazenski's contention that he should not have received the enhancement because his co-defendant did not receive the enhancement.  "A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own," for "disparity will always exist so long as sentences are based upon the specific facts of each individual defendant's case."  United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-