_____

No. 95-2247
_____

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Southern District of Iowa.
Willie B. Taylor,              *
                               *  [UNPUBLISHED]
          Appellant.           *

_____

Submitted:  February 27, 1996

Filed:  March 11, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Taylor was charged in one count of a four-count indictment with
conspiring to distribute cocaine base, in violation of 21 U.S.C.
§§ 841(a)(1) and 846.  Pursuant to a written plea agreement, Taylor agreed
to plead guilty to the charge, and also agreed to a sentence of 60 months
imprisonment.  The plea agreement stated that the 60-month sentence
"comport[ed] with the amount of drugs attributable to [Taylor] and U.S.S.G.
6B1.2(c)(1)."  Following Taylor's guilty plea, the district court[1]
sentenced him to 60 months imprisonment and four years supervised release,
and granted the government's motion to dismiss the remaining counts in the
indictment against Taylor.  On appeal, Taylor's appointed counsel has filed
a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he
argues that the district court erred in its

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

drug-quantity determination at sentencing.

We conclude that Taylor waived any objection to the sentence the district court imposed by agreeing that a 60-month sentence was the mandatory minimum, accepting the benefits of his plea agreement, and agreeing further that the sentence comported with the drug quantity attributable to him.  See United States v. Durham, 963 F.2d 185, 187 (8th Cir.), cert. denied, 506 U.S. 1023 (1992); United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record, and find no nonfrivolous issues for appeal. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.