_____

No. 96-1534
_____

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Southern District of Iowa.
Francisco Javier Chavira       *
                               *        [UNPUBLISHED]
          Appellant.           *


_____

          Submitted:  November 12, 1996

             Filed:  November 22, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Francisco Javier Chavira and a codefendant were charged with
conspiring to possess cocaine and marijuana with intent to distribute
(Counts I and II), in violation of 21 U.S.C. § 846 (1994), and possessing
cocaine and marijuana with intent to distribute (Counts III and IV), in
violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994).
Chavira pleaded guilty to Count III.  The District Court[1] sentenced him to
46 months imprisonment and four years supervised release.


     On appeal, Chavira's appointed counsel moved to withdraw and filed
a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing
whether Chavira was entitled to a two-level reduction as a minor
participant under United States Sentencing

_____

     [1]The Honorable Ronald E. Longstaff, United States District
Judge for the Southern District of Iowa.

Guidelines Manual § 3B1.2(b) (1995). We granted counsel leave to withdraw. Although Chavira was granted leave to file a pro se supplemental brief, he did not do so.

Because Chavira did not object to the presentence report or at sentencing, we review the District Court's failure to grant Chavira a minor participant reduction for plain error resulting in a miscarriage of justice. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). We find no such error and conclude this issue lacks even arguable merit, as Chavira has pointed to no facts entitling him to the reduction. See U.S. Sentencing Guidelines Manual § 3B1.2, comment. (n.3) (1995) (defining minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995) (defendant bears burden of proving entitlement to minor participant reduction). In fact, we believe the record indicates Chavira was deeply involved in the drug distribution scheme. See United States v. West, 942 F.2d 528, 531 (8th Cir. 1991).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issue for appeal.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.