103 F.3d 135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Francisco Javier CHAVIRA Appellant.
 No. 96-1534.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 12, 1996.
Filed Nov. 22, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Francisco Javier Chavira and a codefendant were charged with conspiring to possess cocaine and marijuana with intent to distribute (Counts I and II), in violation of 21 U.S.C. § 846 (1994), and possessing cocaine and marijuana with intent to distribute (Counts III and IV), in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). Chavira pleaded guilty to Count III. The District Court[1] sentenced him to 46 months imprisonment and four years supervised release.
 
 
 2
 On appeal, Chavira's appointed counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing whether Chavira was entitled to a two-level reduction as a minor participant under United States Sentencing Guidelines Manual § 3B1.2(b) (1995). We granted counsel leave to withdraw. Although Chavira was granted leave to file a pro se supplemental brief, he did not do so.
 
 
 3
 Because Chavira did not object to the presentence report or at sentencing, we review the District Court's failure to grant Chavira a minor participant reduction for plain error resulting in a miscarriage of justice. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989). We find no such error and conclude this issue lacks even arguable merit, as Chavira has pointed to no facts entitling him to the reduction. See U.S. Sentencing Guidelines Manual § 3B1.2, comment. (n.3) (1995) (defining minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Thompson, 60 F.3d 514, 517 (8th Cir.1995) (defendant bears burden of proving entitlement to minor participant reduction). In fact, we believe the record indicates Chavira was deeply involved in the drug distribution scheme. See United States v. West, 942 F.2d 528, 531 (8th Cir.1991).
 
 
 4
 We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issue for appeal.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa