# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3775

_____

United States of America,    *
                                *

        Appellee,        *

                                *   Appeal from the United States
     v.                  *   District Court for the
                                *   District of Minnesota.

Thomas Robert Hubers,     *

                                *   **[UNPUBLISHED]**

        Appellant.       *

_____

Submitted:  May 5, 1997

Filed:  May 7, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Thomas Robert Hubers pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a), and the district court[1] sentenced him to 210 months imprisonment under the career-offender Guideline, U.S. Sentencing Guidelines Manual § 4B1.1 (1990). We affirmed Hubers's sentence and the subsequent denial of his 28 U.S.C. § 2255 motion. See United States v. Hubers, 938 F.2d 827, 829-30 (8th Cir.) (per curiam), cert. denied, 502 U.S. 961 (1991); Hubers v. United States, 1993 WL 89019 (8th Cir. Mar. 30, 1993) (unpublished per curiam). Hubers then brought

_____

[1]The HONORABLE DONALD D. ALSOP, United States District Judge for the District of Minnesota.

this 18 U.S.C. § 3582(c)(2) motion for resentencing, which the district court also denied.  Hubers appeals, and we affirm.

In support of his section 3582(c)(2) request for resentencing, Hubers argued that one of the state drug convictions underlying his career-offender status was actually a misdemeanor under state law, and would not disqualify him from possessing a firearm under federal law.  Section 3582(c)(2) allows a district court to reduce a defendant's prison term if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Because the sentencing range applied to Hubers has not been lowered, we agree with the district court that section 3582(c)(2) is inapplicable here.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.