United States Court of Appeals
FOR THE EIGHTH CIRCUIT

No. 96-1782
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Bert W. DeWitt, Jr., | * |
| | *          [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted:  May 7, 1997

Filed:  May 21, 1997

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Bert W. DeWitt, Jr., pleaded guilty to two counts of unlawfully transporting stolen currency in interstate commerce, in violation of 18 U.S.C. § 2314, and one count of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2).  The district court[1] imposed two concurrent 8-month prison sentences for the unlawful-transportation counts, a mandatory consecutive 60-month prison sentence for the weapon count, and three years supervised

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

release. This appeal followed, in which counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), raising sentencing errors. We affirm.

Counsel first argues that DeWitt's sentence was imposed as a result of an incorrect application of the Guidelines. We disagree. Initially, we note that DeWitt stipulated in his plea agreement to the base offense level he received at sentencing for the unlawful-transportation offenses. <u>See</u> <u>United States v. Fritsch</u>, 891 F.2d 667, 668 (8th Cir. 1989) (defendant who voluntarily and explicitly exposes himself to specific sentence may not challenge punishment on appeal). We also note that DeWitt did not object to any of the Guidelines calculations at sentencing, and after conducting plain-error review, <u>see</u> <u>id.</u>, we find no error in the district court's assessment of a two-level increase under U.S. Sentencing Guidelines Manual § 2B1.1(b)(5) (1991) for more than minimal planning, or in the calculation of DeWitt's criminal history category and the resulting Guidelines range.

Counsel also challenges the district court's refusal to depart downward from the Guidelines in sentencing DeWitt. DeWitt moved for a departure based on a variety of alleged mitigating factors, including his role in the offense, use of drugs, voluntary rehabilitation, work history, and family circumstances. At sentencing, the district court declined to depart under the facts of DeWitt's case, a decision we view as discretionary and therefore unreviewable. <u>See</u> <u>United States v. Field</u>, 110 F.3d 587, 591 (8th Cir. 1997).

Having reviewed the record, we find no other nonfrivolous issues. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.