LEIGH M. CLARK, Retired Circuit Judge.
This case hardly deserves an opinion, and the judgment of the trial court could well be affirmed without an opinion. However, we will not treat it thus, in view of appellant’s reliance upon the opinion of the Supreme Court in the relatively recent case of Solem v. Helm, — U.S.-, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), which we are required to follow when applicable, even though there was a strong dissenting opinion by the Chief Justice, in which three Associate Justices joined.
The only issue presented by appellant’s attorney, the same attorney that represented her in the trial court, is thus stated in his brief:
“Whether or not a fifteen year sentence for criminal possession of a forged instrument in the second degree is cruel and unusual punishment against violation of Appellant’s rights under the Eighth Amendment to the United States Constitution.”
Under the caption of “STATEMENT OF THE FACTS” in appellant’s brief is the following:
“Appellant was indicted in an 18 [17] count indictment for criminal possession of a forged instrument in the second degree by the June, 1983 term of the Madison County Grand Jury.
“Appellant pled guilty to count 9 of the indictment and received a fifteen year prison sentence. Count 9 of the indictment involved the possession of a Thirty-Five ($35.00) Dollar check which had been forged (ROA p. 21).
“Appellant was sentenced under the Alabama Habitual Felony Offender Act. Appellant admitted to three prior felonies all of which were criminal possession of a *1005 forged instrument in the second degree. (ROA p. 6).”
The court reporter’s transcript of the proceedings shows the following undisputed and unchallenged facts, inter alia, as to what occurred in open court at the time it was made known to the trial judge that defendant, with the approval of her attorney, desired to plead guilty:
“The Court questioned the defendant as follows:
“Q. Is this Julie Pritchet Taylor?
“A. Yes, sir.
“Q. How old are you, Mrs. Taylor? “A. Twenty-three.
“Q. In this case, number 83-734, you were charged under an indictment returned by the Grand Jury and the indictment contained seventeen counts. Do you understand that?
“A. Yes, sir.
“Q. It is my understanding from a conference with your attorney that you desire to enter a plea of guilty to Count Nine, which charges you with the offense of possession of a forged instrument in the second degree?
“A. Yes, sir.
“Q. Do you understand, ma’am, that that is a Class C felony?
“A. Yes, sir.
“Q. And do you understand it is the intent of the State to show to the court that you have been previously convicted of three felonies?
“A. Yes, sir.
“Q. Do you understand, ma’am, that if I accept your plea of guilty the Habitual Offender Felony Statute would be applicable?
“A. Yes, sir.
“Q. And do you understand, ma’am, that if you tell me you are guilty here today to possession of a forged instrument in the second degree, it would be my duty as Judge of this Court to set your punishment?
“A. Yes, sir.
“Q. And do you understand that if you have three prior felony convictions the punishment for this will be up to imprisonment for life or for any term of years, but not more than ninety-nine but not less than fifteen years?
“A. Yes, sir.
[[Image here]]
“THE COURT: Mrs. Taylor, on your plea of guilty I will adjudge you to be guilty of criminal possession of a forged instrument in the second degree as charged in Count Nine of the indictment. Do you have anything to say why sentence should not be imposed at this time?
“MRS. TAYLOR: No, sir.
“THE COURT: Mr. McDaniel, do you have anything to bring to my attention?
“MR. McD ANIEL: No, sir, Your Honor, other than I understand the State has a recommendation to you.
“THE COURT: What is the recommendation?
“MR. HOOPER: The State recommends a period of fifteen years.
“THE COURT: Is that your agreement?
“MR. McD ANIEL: Yes, Your Honor.
“THE COURT: Is that your agreement, Mrs. Taylor?
“MRS. TAYLOR: Yes, sir.
“THE COURT: Do you understand it?
“MRS. TAYLOR: Yes, sir.
“THE COURT: I’ll sentence you to imprisonment in the State Penitentiary for a period of fifteen years.
“I am required to order that you make restitution to the victim in the case and I understand that there is some seven hundred dollars involved.
“MR. HOOPER: Seven hundred and sixty-nine dollars total.
“THE COURT: Do you understand that, Mrs. Taylor?
“MRS. TAYLOR: Yes, sir.
“THE COURT: Do you understand that, Mr. McDaniel?
“MR. McD ANIEL: Yes, sir, Judge.
“THE COURT: I will order that you make restitution in that amount to the victims in all counts in the indictment.”
Although the photocopying into the record of the front and the back of each *1006 page of the indictment containing seventeen counts tends to some uncertainty, it seems reasonably clear therefrom that many, if not all, of the allegedly forged checks, although drawn on the same bank, constituted transactions separate and distinct from one another and that the purported drawer of each check was of the same name as the purported drawer of every other check, a name that was not that of defendant.
Appellant quotes heavily from the opinion in Solem v. Helm, supra, and the authorities cited therein but fails to convince us that Solem v. Helm is apposite to the instant case. A detailed consideration of the distinguishing differences between this case and Solem v. Helm would be merely academic. However, the inapplicability of the case relied upon is strikingly shown by one particular countercontention of appel-lee, as follows:
“THE APPELLANT WAIVED OBJECTION TO THE SENTENCE, AND WHICH APPELLEE SUPPORTS BY ITS ARGUMENT AS FOLLOWS:
“This Appellant raised no objection to her sentence in the trial court. On the contrary, she bargained her plea, obtained the dismissal of over a dozen other charges and the minimum sentence on her single conviction. She entered a plea of guilty with full knowledge of the consequences thereof, including those under the Habitual Offender Provisions. This constituted a waiver of any defects in the statute or the sentence. Brady v. United States, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970); Lane v. State, 412 So.2d 292 (S.Ct. Ala., 1982); Graham v. State, 403 So.2d 275 (Cr.App.Ala.1981); cert. quash. 403 So.2d 286 (S.Ct. Ala., 1982); Sankey v. State, 364 So.2d 362 (S.Ct. Ala., 1978).”
Not only was there a voluntary, knowledgeable, and understandingly made waiver of any contention that the punishment was cruel or unusual, but also the record shows with crystal clarity that defendant is estopped from repudiating the agreement she solemnly made, without returning the benefits received by the nolle prosequi of the sixteen remaining counts of the indictment.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. See also Jackson v. State, 440 So.2d 1181 (Ala.Cr.App.1983).
AFFIRMED.
All the Judges concur.