29 F.3d 444
 UNITED STATES of America, Appellee,
v.
Michael Anthony SEVERE, Appellant.
UNITED STATES of America, Appellee,
v.
Don Edward WITHERS, Appellant.
UNITED STATES of America, Appellee,
v.
James E. HOWARD, Jr., also known as Terence Terell
Washington, Appellant.
 Nos. 93-3744, 93-3746 and 93-3933.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1994.
Decided July 13, 1994.
Rehearing Denied
Aug. 17, 1994 in No. 93-3746.
 
 Thomas J. O'Connor, Chaska, MN, argued, for appellant, Severe, Lee R. Johnson, Minneapolis, MN, argued, for appellant Withers, Patrick R. Townley, Minneapolis, MN, argued, for appellant Howard (Craig E. Cascarano, on the brief).
 Jon M. Hopeman, Minneapolis, MN, argued (B. Todd Jones, on the brief), for appellee.
 Before MAGILL, Circuit Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 Michael Severe challenges his conviction and sentence for conspiracy to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846 (1988), and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A). James Howard, Jr., challenges his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Don Edward Withers appeals the sentence imposed by the district court[1] after he pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 I. BACKGROUND
 
 2
 On March 16, 1993, Minneapolis police officers made arrangements to purchase two ounces of cocaine base through a confidential informant. In arranging this transaction, a call was placed to a duplex on North 6th Street (6th Street Duplex) in Minneapolis. Surveillance officers observed Craig Cage and Charles Nichols arrive by car at the 6th Street Duplex. Minutes later, Cage and Nichols met with the officers' confidential informant to complete the transaction.
 
 
 3
 The officers arrested Cage and Nichols and recovered a pager from Cage that continued to activate. The officers determined that the telephone number coming into the pager originated from Room 216 of the Budgetel Motel. The officers proceeded to the motel and found that Severe and Howard were the registered occupants of Room 216. The officers asked if they could search the room. Both Severe and Howard consented to the search and signed consent-to-search forms. The officers discovered over $10,000 cash, army fatigues, and a plane ticket to Los Angeles. Based on the call from Cage's pager and the items recovered from Room 216, the officers arrested Severe and Howard.
 
 
 4
 On March 17, 1993, officers executed a search warrant at an apartment located at 625 East 18th Street in Minneapolis. Avis Smith and Withers lived in this apartment. The officers recovered cash, a gun with ammunition, several pagers, and a small quantity of cocaine base. Later that day, the officers executed another search warrant at the 6th Street Duplex and recovered 800 grams of cocaine base. The officers later arrested Carlena Wilson, who was the resident of the 6th Street Duplex.
 
 
 5
 Prior to trial, Withers pleaded guilty to a single count of possession with intent to distribute more than fifty grams of cocaine base. Severe's and Howard's consolidated jury trials commenced in August 1993. Wilson testified on behalf of the government regarding her relationship with Severe and Howard. In particular, Wilson testified that on March 16, 1993, Severe and Howard delivered a kilogram of "crack cocaine" that the officers later recovered during their March 17 search of her 6th Street Duplex. Wilson also testified that Severe and Howard had delivered another kilogram of cocaine base to her 6th Street Duplex about two weeks before the March 16 delivery.
 
 
 6
 Cage corroborated Wilson's testimony that Severe and Howard had brought the kilogram of cocaine base to the 6th Street Duplex on March 16, 1993. Cage testified that Severe and Howard broke down the cocaine base into ounce quantities using a digital scale. Cage testified that Nichols gave Howard over $10,000 cash. Finally, Nichols, a defense witness, testified on cross-examination that Severe and Howard had brought the cocaine base to Wilson's 6th Street Duplex.
 
 
 7
 The jury returned a verdict of guilty against Severe and Howard. The district court sentenced Severe to 292 months' imprisonment, Howard to 188 months' imprisonment, and Withers to 120 months' imprisonment. Severe, Howard, and Withers appealed.
 
 II. DISCUSSION
 
 8
 Severe argues that the district court improperly (1) determined that Severe and Howard voluntarily consented to the search of Room 216 of the Budgetel Motel, and (2) used prior uncounseled misdemeanors in calculating his criminal history score. Howard challenges (1) the district court's admission of Wilson's testimony based on Federal Rule of Evidence 404(b) (Rule 404(b)), and (2) the sufficiency of the evidence to support the jury's verdict. Finally, Withers challenges his sentence based on the constitutionality of the 100 to 1 disparity between the sentences for cocaine base and cocaine. We address these claims in turn.
 
 A. Severe's Conviction and Sentence
 
 9
 To justify a consensual search, the government has the burden of proving that an individual voluntarily gave consent to search. United States v. Larson, 978 F.2d 1021, 1023 (8th Cir.1992). The issue of consent is a question of fact that requires consideration of the totality of the circumstances. United States v. Cortez, 935 F.2d 135, 142 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 945, 117 L.Ed.2d 114 (1992). We review a district court's determination that a defendant voluntarily gave consent to search under the clearly erroneous standard. Id.
 
 
 10
 Examining the totality of the circumstances, we conclude that the district court's determination that Severe voluntarily consented to the search of Room 216 was not clearly erroneous. Severe relies heavily on the fact that the officers informed him that if he and Howard refused consent, the officers would obtain a search warrant. Hearing Tr. at 117. That, however, is only one factor in the totality of the circumstances inquiry. See Larson, 978 F.2d at 1023 ("When a person consents to a search after officers state they will attempt to obtain a warrant if the person does not consent, the consent is not necessarily coerced."). The totality of the circumstances supports the district court's determination that Severe voluntarily gave consent.
 
 
 11
 First, the officers knocked on the door of Room 216 and identified themselves as law enforcement officials. Hearing Tr. at 96-97. The officers did not use force to enter Room 216; rather, they were invited into the room. Id. at 114. Severe and Howard were not put under arrest and were informed that they could refuse consent and were free to leave. Id. at 26, 97-98. Finally, Severe and Howard both read, considered, and signed a written consent form. Id. at 13, 99. We conclude that the district court's determination that Severe voluntarily consented to the search of Room 216 was not clearly erroneous. See Cortez, 935 F.2d at 142.
 
 
 12
 Severe also claims that the district court erred when it considered three prior uncounseled misdemeanor convictions when it determined his criminal history score. At sentencing, Severe also sought to attack collaterally those misdemeanor convictions. In Nichols v. United States, the Supreme Court held that a district court properly could consider prior uncounseled misdemeanors in determining a defendant's criminal history score. --- U.S. ----, ----, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994); accord United States v. Thomas, 20 F.3d 817, 823 (8th Cir.1994) (en banc). Further, in United States v. Hewitt, this court held that a district court should include a defendant's prior convictions in his criminal history score unless the defendant demonstrates that the prior convictions were "previously ruled constitutionally invalid." 942 F.2d 1270, 1276 (8th Cir.1991). Nichols and Hewitt foreclose Severe's claim.
 
 B. Howard's Conviction
 
 13
 Howard argues that the district court improperly admitted Wilson's testimony in violation of the notice requirements of Rule 404(b). We review a district court's decision to admit evidence for an abuse of discretion. United States v. Davis, 882 F.2d 1334, 1343 (8th Cir.1989), cert. denied, 494 U.S. 1027, 110 S.Ct. 1472, 108 L.Ed.2d 610 (1990). Rule 404(b) allows admission of evidence of other crimes, wrongs, or bad acts for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial." Fed.R.Evid. 404(b) (emphasis added). However, "[w]here the evidence of an act and the evidence of a crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated." United States v. DeLuna, 763 F.2d 897, 913 (8th Cir.), cert. denied, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985); see also United States v. Rankin, 902 F.2d 1344, 1346 (8th Cir.1990).
 
 
 14
 We conclude that the district court properly admitted Wilson's testimony because that testimony concerned not prior acts, but acts intertwined with the conspiracy charged. The indictment charged Howard with conspiracy to possess with intent to distribute cocaine base "continuing to on or about the 17th day of March, 1993." Severe's App. at 1.[2] Wilson, who was named as a coconspirator, testified that Howard and Severe delivered a kilogram of cocaine base to her residence in the beginning of March 1993. That evidence did not implicate Rule 404(b) because it tends to prove whether a conspiracy to distribute cocaine existed, and therefore is inextricably intertwined with the conspiracy charged. See DeLuna, 763 F.2d at 913; see also Rankin, 902 F.2d at 1346. Thus, we reject Howard's Rule 404(b) claim.
 
 
 15
 Next, Howard argues that there was insufficient evidence to support the jury's verdict. In reviewing a jury verdict for sufficiency, we view the evidence in the light most favorable to the jury verdict; we accept all reasonable inferences supporting the conviction; and we must affirm the jury's verdict if substantial evidence supports it. United States v. Gaines, 969 F.2d 692, 696 (8th Cir.1992). To establish a conspiracy to distribute narcotics, the government need not establish an overt act, but simply must prove that the defendants entered into an agreement to distribute narcotics. Id.
 
 
 16
 Applying this deferential standard, we conclude that substantial evidence supports the jury's verdict. At trial, Cage testified that (1) Howard and Severe brought a kilogram of cocaine base to the 6th Street Duplex; (2) Howard and Severe broke the cocaine base into one-ounce quantities using an electronic scale; and (3) Nichols then gave Howard over $10,000 cash. The pager recovered from Cage led police to Room 216 of the Budgetel Motel. Howard and Severe, the residents of that room, consented to a search, and the officers discovered over $10,000 cash. On cross-examination, Nichols, a defense witness, admitted that Howard and Severe had delivered the cocaine base that was found in the 6th Street Duplex. We conclude that substantial evidence supports the jury's verdict.
 
 C. Withers' Sentence
 
 17
 Finally, Withers challenges his mandatory minimum sentence for violation of 21 U.S.C. Sec. 841(a)(1) because the 100 to 1 disparity between violations involving cocaine base and cocaine violates due process and denies him equal protection.
 
 
 18
 Withers, however, entered into a plea agreement in which he pleaded guilty to possession with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A). Plea Agreement at 2. Withers acknowledged in the plea agreement that the charge to which he had pleaded guilty had a minimum penalty of ten years' imprisonment. Id. In return, the government dropped the charges against Withers for (1) conspiracy to possess with intent to distribute more than one kilogram of cocaine base, and (2) using and carrying a firearm in relation to a drug trafficking crime. Id. " '[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.' " United States v. Durham, 963 F.2d 185, 187 (8th Cir.) (quoting United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989)), cert. denied, --- U.S. ----, 113 S.Ct. 662, 121 L.Ed.2d 587 (1992); accord United States v. Livingston, 1 F.3d 723, 725 (8th Cir.1993). Therefore, we conclude that Withers has waived the right to challenge his sentence.
 
 III. CONCLUSION
 
 19
 For the foregoing reasons, we affirm the judgments and sentences of the district court.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 We have considered Howard's claim made at oral argument that the indictment was impermissibly vague because Wilson's testimony included events that occurred two weeks prior to the date listed in the indictment, and we conclude that it lacks merit. See United States v. Turner, 975 F.2d 490, 494 (8th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993); see also United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir.1991) (holding that absence of a statement of precise dates of a conspiracy does not necessarily render indictment impermissibly vague). Howard had notice that the government would present evidence of the earlier delivery of the cocaine base. Thus, any variance did not affect Howard's substantial rights or cause him actual prejudice. See United States v. Valentine, 984 F.2d 906, 911 (8th Cir.1993)