**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1296

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Antonio Zamarripa, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 19, 1997

Filed: November 17, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Anthony Zamarripa and nine others were indicted for conspiracy to distribute, and to possess with intent to distribute, more than one kilogram each of heroin and methamphetamine. See 21 U.S.C. §§ 841(a)(1) and 846. After Zamarripa pleaded guilty, the district court sentenced him to 180 months in prison and five years supervised release. Zamarripa appeals both his conviction and his sentence. His counsel has tendered a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Zamarripa has filed two supplemental briefs. We affirm Zamarripa's conviction but remand his case for resentencing.

We first address the issue raised in the <u>Anders</u> brief: whether the district court abused its discretion in denying Zamarripa's motion to withdraw his guilty plea. At the change-of-plea hearing, Zamarripa indicated he was pleading guilty of his own free will. He also stipulated that he had entered into a conspiracy to distribute methamphetamine which had been in operation between December 1992 and June 1995, and that on three occasions in February 1994, he had distributed methamphetamine to a confidential informant. In support of his subsequent motion to withdraw his plea, Zamarripa professed his innocence of some of the conduct described in the presentence report (PSR), referred to certain sections of the Constitution, and discussed "prejudice" he had suffered in prior encounters with other courts. We conclude that the district court did not abuse its discretion in determining Zamarripa failed to demonstrate a fair and just reason for withdrawing his plea. <u>See</u> Fed. R. Crim. P. 32(e); <u>United States v. Wicker</u>, 80 F.3d 263, 266 (8th Cir. 1996) (defendant bears burden of showing "fair and just reason" to withdraw his guilty plea); <u>United States v. Nichols</u>, 986 F.2d 1199, 1201 (8th Cir. 1993) (standard of review).

To the extent Zamarripa was counseled,[1] the ineffective-assistance arguments he raises in his pro se brief should be brought in a 28 U.S.C. § 2255 proceeding where the record can be appropriately developed. <u>See</u> <u>United States v. Sanchez</u>, 927 F.2d 376, 378 (8th Cir. 1991) (per curiam).

Turning to Zamarripa's sentence, we first note the PSR recounted that the amount of methamphetamine Zamarripa sold to the confidential informant was 11.5 grams. The PSR nonetheless recommended holding Zamarripa accountable for the distribution of at least three to ten kilograms, which triggered a base offense level of 34 under the Sentencing Guidelines. <u>See</u> U.S. Sentencing Guidelines Manual

---

[1]At Zamarripa's insistence, he represented himself throughout the plea and sentencing proceedings, and the district court appointed attorney John Garvey to act as advisory counsel.

§§ 2D1.1(a)(3), (c)(3) (1995). The PSR further indicated that Zamarripa was less culpable than most of his co-defendants, describing his role as that of an individual distributor. In calculating his total offense level, however, the PSR added three levels pursuant to U. S. Sentencing Guidelines Manual § 3B1.1(b) (1995) for Zamarripa's role as a manager or supervisor. The PSR also subtracted three levels for Zamarripa's acceptance of responsibility; calculated 18 criminal history points, resulting in a criminal history category of VI; and recommended a Guidelines sentencing range of 262-327 months.

Zamarripa filed written objections to the PSR and argued at the sentencing hearing that the quantity of drugs attributed to him was incorrect, and that he did not act as a manager or supervisor in the offense. The district court overruled these PSR objections without specifically addressing them, indicating it was granting the government's U.S. Sentencing Guidelines Manual § 5K1.1(1995) motion and departing downward from the Guidelines range.

We conclude the district court's failure to address specifically Zamarripa's objection to the quantity of drugs attributed to him and how it arrived at the three-to-ten kilogram figure requires remand. See Fed. R. Crim. P. 32(c)(1) (if defendant objects to matters contained in PSR, sentencing court is required to "make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing"); United States v. Rodriguez, 112 F.3d 374, 376-77, 379 (8th Cir. 1997) (remanding for resentencing of Zamarripa's co-defendants; finding evidence of 3-10 kilogram drug quantity too uncertain to sustain base offense level of 34); United States v. Logan, 121 F.3d 1172, 1178-79 (8th Cir. 1997) (same); United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994) (per curiam) (if defendant objects to PSR, sentencing court must make specific finding "on the basis of evidence, and not the presentence report"). We conclude

remand is also warranted because Zamarripa's status as a distributor, by itself, did not warrant a three-level aggravating role enhancement under section 3B1.1. See United States v. Bryson, 110 F.3d 575, 584 (8th Cir. 1997).

Accordingly, we remand this matter to the district court for proceedings consistent with this opinion. Finally, we deny counsel's motion to withdraw and the numerous pro se motions Zamarripa has filed on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.