# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2413

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Antonio Zamarripa, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 7, 1999

Filed: March 31, 1999

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Antonio Zamarripa pleaded guilty to a drug distribution conspiracy offense, and he was sentenced following this court's remand in United States v. Zamarripa, No. 96-1296, 1997 WL 710332 (8th Cir. Nov. 17, 1997) (unpublished per curiam), to ten years imprisonment and five years supervised release. In this appeal, Mr. Zamarripa contends that the district court[1] erred in calculating the quantity of drugs and number

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

of criminal history points attributable to him, and also that he is entitled to a reduced sentence or an additional hearing, for a variety of reasons. We affirm.

We conclude Mr. Zamarripa waived any objection to the sentence he received by stipulating that a ten-year prison term was the minimum sentence mandated by applicable statutes. See United States v. Severe, 29 F.3d 444, 448 (8th Cir. 1994) (affirming defendant's sentence where he acknowledged charge to which he had pleaded guilty had minimum penalty of ten years imprisonment), cert. denied, 513 U.S. 1096 (1995); United States v. Durham, 963 F.2d 185, 187 (8th Cir.) (defendant who explicitly and voluntarily exposes himself to specific sentence in plea agreement may not challenge that punishment on appeal), cert. denied, 506 U.S. 1023 (1992); see also United States v. Karam, 37 F.3d 1280, 1284 (8th Cir. 1994) (noting 21 U.S.C. § 841(b)(1)(B)'s mandatory ten-year sentence trumped any Guidelines determination based on quantity), cert. denied, 513 U.S. 1156 (1995). We also conclude Mr. Zamarripa's remaining arguments--including his contentions that he is entitled to be released, to credit for time served, or to relief under 28 U.S.C. § 2255-- either lack merit or are not amenable to resolution in this criminal proceeding. Accordingly, the judgment of the district court is affirmed.

We deny Mr. Zamarripa's motion on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-