[No. 42398-3-I.   Division One.   June 1, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY MOTEN, *Appellant*.

*David B. Koch* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Foerschler, Deputy*, for respondent.

GROSSE, J. — Moten appeals a standard range sentence he negotiated as part of a plea agreement. He claims the sentence is cruel and unusual punishment and a violation of equal protection, arguing that his sentence for criminal solicitation under RCW 9A.28.030 was longer than the sentence he would have received for attempt or conspiracy to commit an offense under RCW 69.50.407. But Moten specifically waived his right to appeal the sentence, and he does not challenge the jurisdiction of the court or the circumstances in which the plea was made. He received the benefit of his bargain. Accordingly, we affirm, but remand for correction of a scrivener's error on the judgment and sentence form.

## FACTS

Gary Moten was arrested after selling cocaine to an undercover Seattle police detective. The State charged Moten with one count each for violation of the Uniform Controlled Substances Act (VUCSA) by delivery of a controlled substance and possession of a controlled substance. As part

of a plea agreement, Moten entered an *Alford* plea to one count of criminal solicitation of VUCSA. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Moten received a standard range sentence of 32 months, 8 months shorter than the prosecutor's agreed recommendation. He appeals his sentence.

## DISCUSSION

### I.

As a preliminary matter, we briefly address Moten's claim regarding the statutory provision under which he was convicted. Moten contends that he cannot be sentenced under RCW 9.94A.310(2) and .410 because the judgment and sentence form shows a conviction for "VUCSA-Solicitation to Deliver Cocaine" under RCW 69.50.401(a)(1)(i), rather than criminal solicitation under RCW 9A.28.030. But RCW 69.50.401(a)(1)(i) governs a completed VUCSA delivery and not solicitation. And the record clearly shows that Moten was convicted of the lesser offense of criminal solicitation. There is nothing in the record to suggest that Moten has been prejudiced by the obvious scrivener's error on the face of the judgment and sentence form.[1] Accordingly, we direct that it be corrected.

### II.

Moten contends that his sentence for solicitation of a VUCSA offense, which was properly computed in accordance with the applicable statute, constitutes cruel and unusual punishment and violates his equal protection rights. He argues that he should have been sentenced in accordance with the statute governing unranked crimes, as he would have had he committed an attempted or conspiratorial VUCSA offense under RCW 69.50.407. We need not reach the merits of this argument, however, because, by the terms of his plea agreement, Moten waived his right to raise these nonjurisdictional challenges to his sentence.

---

[1] Moten acknowledges that he was sentenced for solicitation, RCW 9A.28.030, and not for the completed delivery of cocaine, RCW 69.50.401(a)(1)(i).

In his plea agreement, Moten acknowledged that his standard range sentence, based on the crime charged and his criminal history, was 30.75 to 40.5 months, with a maximum sentence of five years and a $10,000 fine. He stated that he was agreeing to enter a plea "in order to take advantage of the prosecutor's recommendation," which included, among other things, a 40-month sentence and the dismissal of other charges. Under the terms of the agreement, he waived not only his right to appeal a determination of guilt after trial, but he also expressly waived his right to appeal his sentence if the sentence was within the standard range.

> The judge does not have to follow anyone's recommendation as to the sentence. The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so. If the judge goes outside the standard range, either I or the State can appeal that sentence. If the sentence is within the standard range, no one can appeal the sentence.

The court imposed a sentence of 32 months, which was less than the prosecutor's recommendation.

While Washington courts have addressed the appeals of defendants notwithstanding their guilty pleas, few cases have discussed the effect of a guilty plea on the right to appeal. In *State v. Majors*,[2] Majors agreed to a supplemental information alleging that he was a habitual criminal and entered a guilty plea to the charge of second degree murder. On appeal, he challenged the facts supporting the habitual criminal designation and his sentence. The Washington Supreme Court held that Major's challenge was not jurisdictional and, therefore, was precluded by his guilty plea. The court stated: "We see no reason why a defendant who agrees to be designated a habitual criminal should not be held to his bargain under the circumstances here pre-

---

[2]*State v. Majors*, 94 Wn.2d 354, 616 P.2d 1237 (1980).

sented, when he undisputably was aware of the consequences of his waiver . . . ."[3]

In at least two cases the court has refused to apply the "benefit of the bargain" rule when the subject of the appeal focused on the voluntariness of the plea and the statutory jurisdiction of the court.[4] But we are unaware of any case in which Washington courts have addressed the precise issue before us—whether a defendant may assert a cruel and unusual punishment or equal protection claim in challenging a standard range sentence negotiated as part of a plea agreement. Cases from other jurisdictions, however, are instructive.

In *Taylor v. State*,[5] the defendant argued that her 15-year sentence for criminal possession of a forged instrument was cruel and unusual punishment. The State argued that she obtained the dismissal of over a dozen charges in bargaining for a minimum sentence on a single conviction. The court held:

> Not only was there a voluntary, knowledgeable, and understandingly made waiver of any contention that the punishment was cruel or unusual, but also the record shows with crystal clarity that defendant is estopped from repudiating the agreement she solemnly made, without returning the benefits received by the *nolle prosequi* of the sixteen remaining counts of the indictment.[6]

The North Carolina courts appear to agree. In *State v. Ford*,[7] the defendant also argued that his minimum mandatory sentence and fine, imposed under a North Carolina

---

[3]*Majors*, 94 Wn.2d at 358.

[4]*See In re Personal Restraint of Hews*, 108 Wn.2d 579, 594, 741 P.2d 983 (1987) (allowing an appeal as to the voluntariness of the defendant's plea). *See also In re Personal Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991) (holding that a "sentence imposed pursuant to a plea bargain must be statutorily authorized; a defendant cannot agree to be punished more than the Legislature has allowed for.").

[5]*Taylor v. State*, 445 So. 2d 1004 (Ala. Crim. App. 1984).

[6]*Taylor*, 445 So. 2d at 1006.

[7]*State v. Ford*, 71 N.C. App. 748, 323 S.E.2d 358 (1984).

statute, was significantly disproportionate to the crime and, therefore, constituted cruel and unusual punishment under the United States and North Carolina constitutions. The court summarily rejected the argument, holding that the defendant's guilty plea precluded review of the claim.[8]

These cases flow, in part, from the United States Supreme Court's discussion of the effects of a plea agreement in *Blackledge v. Perry*[9] and *Menna v. New York*.[10] In *Blackledge*, the Court distinguished between "antecedent constitutional violations" (i.e., constitutional deprivations that occur prior to the entry of a guilty plea), and errors of constitutional dimension (i.e., those errors that go "to the very power of the State to bring the defendant into court to answer the charge brought against him").[11] Appeals of the former are precluded by a plea.

In *Menna*, reversing a conviction based on double jeopardy grounds, the Court further clarified *Blackledge*, stating that a guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."[12] But the Court cautioned: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute."[13]

The case before us closely resembles, in all relevant respects, the Eighth Circuit's opinion in *United States v. Pratt*,[14] where the court found that the defendant actually

---

[8]*Ford*, 323 S.E.2d at 360-61.

[9]*Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974).

[10]*Menna v. New York*, 423 U.S. 61, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975).

[11]*Blackledge*, 417 U.S. at 30.

[12]*Menna*, 423 U.S. at 63 n.2.

[13]*Id.*

[14]*United States v. Pratt*, 657 F.2d 218 (8th Cir. 1981).

waived a double jeopardy claim. Pratt pleaded guilty to two counts of distributing a controlled substance. The court then imposed consecutive sentences. Pratt challenged his sentence, arguing that the two counts resulted from only one criminal act, and, consequently, the consecutive sentence violated his double jeopardy rights. He argued, under *Menna*, that he could assert a double jeopardy claim notwithstanding his guilty plea.

The Eighth Circuit disagreed, stating that Menna, unlike Pratt, "did not explicitly and voluntarily expose himself to the very event (here, consecutive terms of imprisonment) that he later claimed was a violation of the Double Jeopardy Clause."[15] The court held that Pratt "had no right to be surprised at the sentence that was imposed. He received the benefit of his bargain, dismissal of the other four counts."[16]

In *United States v. Fritsch*,[17] the same court distinguished but reaffirmed the logic in *Pratt*. Fritsch challenged the validity of the sentencing guidelines. The court held that Fritsch, "by accepting the benefits of the plea agreement (the dismissal of two counts of the indictment) and by agreeing that the guidelines should be applied (including a possible five-month sentence), waived any objection to the validity of the Sentencing Guidelines."[18] The court stated: "[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."[19]

The Eighth Circuit reiterated the *Fritsch* rule in an equal protection case, *United States v. Severe*.[20] One of the defendants in *Severe* argued that the 100-to-1 disparity between sentences involving cocaine base and cocaine denied him

---

[15]*Pratt*, 657 F.2d at 221.

[16]*Id.*

[17]*United States v. Fritsch*, 891 F.2d 667 (8th Cir. 1989).

[18]*Fritsch*, 891 F.2d at 668.

[19]*Id.*

[20]*United States v. Severe*, 29 F.3d 444 (8th Cir. 1994).

due process and equal protection. The court held that the defendant waived those claims when he acknowledged in his plea agreement that the charge to which he had pleaded guilty had a minimum penalty of ten years' imprisonment.[21]

We also are persuaded by the reasoning of the California Supreme Court, which has treated these types of claims as attacks on the validity of the plea agreement based on events predating entry of the plea and waiver. In *People v. Panizzon*,[22] Panizzon appealed his life sentence, which was imposed under a plea agreement that specifically provided for the imposition of the sentence. The court stated:

> Not only did the plea agreement in this case specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence. Thus, what defendant seeks here is appellate review of an integral element of the negotiated plea agreement, as opposed to a matter left open or unaddressed by the deal. . . .
>
> . . . Moreover, the essence of defendant's claim is that his sentence is disproportionate to his level of culpability, a factor that also was known at the time of the plea and waiver. Thus, the real thrust of defendant's claim concerns events predating entry of the plea and waiver.[23]

The court held, as a result, that appellate review of a sentence disproportionality claim, where the sentence was negotiated as part of a plea agreement and was not in excess of the maximum statutory penalty, was waived.[24]

We are persuaded by the foregoing authorities that Moten's claims are not reviewable. He specifically negotiated his standard range sentence as part of a plea agreement and cannot now choose to argue that the sentence is unconstitutional as applied to him. Accordingly, we affirm,

[21]*Severe*, 29 F.3d at 448.

[22]*People v. Panizzon*, 13 Cal. 4th 68, 913 P.2d 1061, 51 Cal. Rptr. 2d 851 (1996).

[23]*Panizzon*, 913 P.2d at 1072 (citations omitted).

[24]*Id.* at 1073-74.

but remand to correct the scrivener's error on the judgment and sentence form.

COLEMAN and WEBSTER, JJ., concur.