# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1595

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Montreail Dean Dungy, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: November 7, 2002

Filed: November 21, 2002

_____

Before WOLLMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Montreail Dungy appeals his conviction for conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 21 U.S.C. § 846. He claims that the district court[1] improperly admitted evidence of his marijuana and ecstacy sales; that the Government produced insufficient evidence to support the conspiracy charges; and that his trial counsel was ineffective. We affirm.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

# I.

On July 19, 2001, a grand jury indicted Dungy for conspiracy to distribute fifty grams or more of crack cocaine between January 1992 and February 2001. The indictment also charged Dungy with one count of possession with intent to distribute powder cocaine and one count of possession with intent to distribute crack cocaine.

Dungy's charges arose after police connected him with two drug arrests. The first arrest occurred in June 2000. The police apprehended four men in Fort Dodge, Iowa for distributing crack cocaine. Each of the men named Dungy as one of their suppliers. The second arrest occurred in February 2001. The police searched Jeremy Altman's residence and found powder cocaine, ecstacy, and large amounts of marijuana. Jeremy told the police he bought the drugs from Dungy. He said the transactions usually took place at Sharon Altman's home. The police searched Sharon's home and found two book bags filled with drugs. One bag contained marijuana, ecstasy, powder cocaine, and crack cocaine.

At trial, Jeremy testified about his drug transactions with Dungy. He testified that he had seen Dungy carry the book bag containing crack. The police also testified regarding drugs found at the Altmans' residences. They showed pictures of the book bag containing crack and the other drugs. In addition, four of Dungy's co-conspirators testified that he supplied them with crack on various occasions between January 1992 and February 2001.

At the close of trial, the district court read a jury instruction. The instruction improperly revealed that Dungy had previously been convicted of a felony drug offense. Dungy's attorney did not object. Judge Bennett, however, realized the mistake. He deleted the entire instruction and told the jury to disregard the reference to the conviction. The jury found Dungy guilty of the conspiracy charges and acquitted him of the possession charges. Dungy now appeals.

## A.     Rule 404(b) Evidence

Dungy claims the district court erred by admitting evidence of his marijuana and ecstacy sales in violation of Federal Rule of Evidence 404(b). Rule 404(b) prohibits introduction of a defendant's prior bad acts to show the defendant has a propensity to commit such acts. The rule, however, does not exclude "bad acts that form the factual setting of the crime in issue . . . [or] form an integral part of the crime charged. . . ." United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996). Acts that are "inextricably intertwined" with the charged crime do not implicate Rule 404(b)'s exclusion. United States v. Severe, 29 F.3d 444, 447 (8th Cir. 1994).

Dungy's marijuana and ecstacy sales are admissible because they are inextricably linked with his conspiracy to distribute crack cocaine. The marijuana and ecstacy were found in the same bag as the crack. The drugs were also found in a location where Dungy made many of his drug transactions. These transactions form the factual setting of Dungy's crack sales. In fact, it was evidence of Dungy's marijuana sales that led the police to the crack found at Sharon Altman's house. Without this evidence, the story is incomplete. Rule 404(b) is thus not implicated. The evidence is admissible.

## B.     Sufficiency of the Evidence

Dungy further claims that the Government did not produce sufficient evidence to prove the conspiracy charges. He claims the Government, at most, proved he engaged in a series of independent drug transactions. We do not agree. This court may reverse a jury's verdict on insufficiency of the evidence "only if no reasonable jury could find beyond a reasonable doubt that [the defendant is] guilty of the offense charged." United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996). We believe

a jury could reasonably convict Dungy on the conspiracy charges. The Government presented testimony from four co-conspirators. All four identified Dungy as one of their suppliers of crack. They testified to purchasing crack from Dungy on numerous occasions from 1992 through 1999. The jury credited their testimony, and we will not disturb the verdict.

## C.      Ineffective Assistance of Counsel

Dungy raises three ineffective assistance of counsel claims. He claims his trial attorney erred by not objecting to the first set of flawed jury instructions. He also claims his trial attorney was ineffective for not requesting a Rule 404(b) limiting instruction. Finally, Dungy claims his trial attorney failed to call three defense witnesses who would have established his innocence. Dungy urges this court to preserve this issue until the record can be more fully developed at an evidentiary hearing. We find no need to delay a ruling on this issue. An adequate record has already been made.

Dungy cannot prevail on his ineffective assistance of counsel claims. While it is true that Dungy's attorney should have objected to the first set of flawed jury instructions, this error did not prejudice Dungy. The district court corrected the error and immediately told the jury to disregard the instruction. The jury is presumed to have followed the district court's order. See United States v. Paul, 217 F.3d 989, 999 (8th Cir. 1990). Further, Dungy's counsel did not err by failing to request a Rule 404(b) limiting instruction. As we noted above, Rule 404(b) is not implicated in this case. It thus would have been inappropriate for counsel to request such an instruction. Finally, Dungy was not prejudiced by his attorney's failure to call three additional witnesses. Witness selections are left to counsel's judgment. Hanes v. Dormire, 240 F. 3d 694, 698 (8th Cir. 2001). We will not second-guess counsel's judgment.

The judgment of the district court is hereby AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.