FILED
COURT OF APPEALS
DIVISION II

2013 NOV 26 AM 9: 0

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43073-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| GEOVANI GOHAN HAYWARD TRUJILLO, | |
| Appellant. | |

BJORGEN, J. — Geovani Gohan Hayward Trujillo appeals his sentences for second degree child molestation (four counts), challenging the trial court's finding that he had the present and future ability to pay his legal financial obligations. He also challenges two community custody conditions and the basis for his community custody term. The State concedes that one of the conditions is not crime-related and should be stricken. We decline to address his challenge to the trial court's finding of ability to pay because he did not object below, we strike one community custody condition, and we remand for the trial court to correct the basis for his community custody. With that, we affirm in part, reverse in part, and remand.

## FACTS

Between June 1, 2009 and March 31, 2010, Trujillo had sexual contact with AML, SAG, and LRW, all of whom were friends. These three girls were 12 to 13 years old at the time.

As part of a plea bargain, the State charged Trujillo with four counts of child molestation. The State agreed to recommend a special sex offender sentencing alternative (SSOSA). The trial court accepted Trujillo's guilty pleas, but rejected the SSOSA and sentenced Trujillo to 105 months of incarceration.

The judgment and sentence contains the following finding:

> 2.5 ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS. The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

Clerk's Papers (CP) atP 38. The court imposed the following legal financial obligations: a $500 crime victim assessment, a $100 deoxyribonucleic acid (DNA) database fee, a $400 fee for court appointed counsel and defense costs, and a $200 criminal filing fee.

The judgment and sentence indicates that the basis for the 36-month term of community custody is the presence of serious violent offenses. The two conditions of his community custody at issue here are:

> 13. You shall not possess or consume any mind or mood altering substances to include alcohol or any controlled substances without a valid prescription from a licensed physician.
>
> . . . .
>
> 26. You shall not have access to the Internet at any location nor shall you have access to computers unless otherwise approved by the Court. You also are prohibited from joining or perusing any public social websites (Face[]book MySpace etc).

CP at 54-55. Trujillo appeals.

## ANALYSIS

### I. LEGAL FINANCIAL OBLIGATIONS (LFOs)

Trujillo argues that substantial evidence in the record does not support finding 2.5 on his present and future ability to pay his LFOs,[1] citing *State v. Bertrand*, 165 Wn. App. 393, 404, 267

---

[1] He does not indicate which of his LFOs he is challenging. As we noted in *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492 (2013), he may only challenge the discretionary fees, which here is the $400 appointed counsel and defense cost fee. *See* RCW 7.68.035(1)(a) (victim penalty assessment); RCW 43.43.7541 (DNA collection fee); RCW 36.18.020(2)(h)(criminal filing fee).

P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). As we noted there, before making such a finding the trial court must "'[take] into account the financial resources of the defendant and the nature of the burden'" imposed by the legal financial obligations. *Bertrand*, 165 Wn. App at 404 (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)).

A challenge to the trial court's finding that a defendant had the ability to pay LFOs was also presented in *State v. Blazina*, 174 Wn. App. 906, 301 P.3d 492, *review granted*, -- P.3d – (2013). There, however, we refused to consider that claim for the first time on appeal, since RAP 2.5(a) is discretionary, not mandatory, and Blazina failed to show any compelling reason for this court to consider the issue. 174 Wn. App. at 911-12. Similarly here, Trujillo raises his challenge for the first time on appeal and the record shows no compelling reason for us to review his claim. Consistently with *Blazina*, we decline to do so.[2]

## II. COMMUNITY CUSTODY CONDITIONS

Trujillo next challenges the community custody conditions that he not use alcohol or drugs without a valid prescription and that he not use the Internet or access computers. The State concedes that this latter condition is not crime-related and should be stricken. It also argues that Trujillo admitted using alcohol and methamphetamine when he committed his offenses and we should therefore uphold that condition.

---

[2] We do note, however, that the record does contain information regarding Trujillo's financial status. He has both a high school diploma and post-secondary education. He has held jobs as a maintenance worker and senior customer service associate. He also receives $3,000 per month from a lawsuit. Less than this was sufficient to sustain the obligation in *Baldwin*, 63 Wn. App. at 311.

RCW 9.94A.703(1) sets out the mandatory conditions of community custody. Subsection (2) sets out conditions the trial court may waive, but which are otherwise imposed. Subsection (3) sets out discretionary conditions the trial court may impose, including crime-related prohibitions. The latter type of condition must be related to the circumstances of the crime. *State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992). The two conditions at issue here fall into this latter category, which Trujillo can challenge for the first time on appeal. *State v. Jones*, 118 Wn. App. 199, 204, 76 P.3d 258 (2003) (citing *State v. Julian*, 102 Wn. App. 296, 304, 9 P.3d 851 (2000)). We review the conditions for an abuse of discretion. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010).

We accept the State's concession and agree that nothing in the record shows that the Internet and computer use condition is crime-related. We also agree with the State that the condition relating to alcohol and controlled substances is crime-related. The presentence investigative report contains Trujillo's admission that "at the time of the original offense with the victims [SG] and [AL] he had been drinking and smoking 'weed' quite a bit." Suppl. CP at 88. Further, the investigative report shows that Trujillo had a history of alcohol and drug abuse beginning in his early teens and continuing through the time of his offenses.

Condition 13, relating to alcohol and controlled substances, is related to the crime and is valid. Condition 26, relating to the Internet and computer use, is not crime-related and is invalid.

### III. SCRIVENER'S ERROR

Finally, Trujillo argues that his judgment and sentence errs by stating that the basis for his community custody is that his are serious violent offenses. He argues that this should state that the basis for his community custody is that his are sex offenses. RCW 9.94A.701(1).

4

No. 43073-8-II

Second degree child molestation is not a serious violent offense, but is a sex offense. RCW 9.94A.030(45). The State properly concedes this error. We agree with both parties that the basis for Trujillo's community custody is the commission of a sex offense. For that reason we remand for correction of this error. *See State v. Moten*, 95 Wn. App. 927, 929, 935, 976 P.2d 1286 (1999) (remand appropriate to correct scrivener's error).

We affirm the imposition of LFOs, reverse community custody condition 26, and remand to the trial court to correct the statutory basis for community custody.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.