# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55583-2-II |
| Respondent, | |
| v. | |
| RANDY LEE BRENNAN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Randy Lee Brennan appeals the standard range sentence imposed following his plea of guilty to murder in the first degree while armed with a deadly weapon (firearm). Brennan argues that we should remand to the trial court for resentencing because the relevant mandatory minimum sentence provisions of the Sentencing Reform Act of 1981 (SRA)[1] violate the constitutional prohibition on cruel punishment as applied to late adolescents, a class to which he belongs.

We hold that Brennan's assignment of error is not reviewable because he negotiated his standard range sentence in exchange for his guilty plea and cannot now choose to argue that the sentence is unconstitutional as applied to him. Accordingly, we affirm Brennan's standard range sentence for murder in the first degree while armed with a deadly weapon (firearm).

---

[1] Ch. 9.94A RCW.

FACTS

On or about February 24, 2004, Brennan intended to rob Larry Craddock in an $80 methamphetamine transaction. While in the course of the attempted robbery, Brennan shot and killed Craddock. On February 25, the State charged Brennan with one count of murder in the first degree while armed with a deadly weapon (firearm). He was 19 at the time of the offense.

On September 27, Brennan pleaded guilty as charged. In his statement of defendant on plea of guilty, Brennan acknowledged that the standard range sentence for the charged crime was 240 to 320 months of confinement. Brennan also acknowledged that, because he was armed with a firearm during the commission of the felony, an additional 60 months would be added to the standard range. Under the terms of his guilty plea, Brennan expressly waived the right to appeal his sentence if the sentence was within the standard range:

> 6. IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:
> . . . .
> (h) The judge does not have to follow anyone's recommendation as to sentence. The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so. If the judge goes outside the standard range, either the [S]tate or I can appeal that sentence. *If the sentence is within the standard range, no one can appeal the sentence*.

Clerk's Papers (CP) at 3, 5 (emphasis added).

On October 4, Brennan and the State presented a joint recommendation asking the court to impose a standard range sentence of 240 months with an additional 60 months for the firearm enhancement (for a total of 300 months or 25 years).[2] The court was aware of Brennan's age at

---

[2] The mandatory minimum sentence for murder in the first degree is 20 years (240 months) of confinement. RCW 9.94A.540(1)(a). Pursuant to RCW 9.94A.533(3)(a), 5 years must be added to the standard range sentence for class A felony crimes if the defendant was armed with a firearm. Murder in the first degree is a class A felony. RCW 9A.32.030(2). Because Brennan pleaded guilty to murder in the first degree while armed with a firearm, the mandatory minimum sentence he faced was 25 years (300 months) of confinement.

the time of sentencing, but he did not request an exceptional downward sentence based on his youthfulness. The court agreed with the parties and imposed the jointly recommended sentence, which is at the low end of the standard range. Brennan appeals.[3]

## ANALYSIS

Brennan argues that he is entitled to a resentencing hearing because the mandatory minimum sentence for murder in the first degree while armed with a firearm (which totals 25 years) violates the constitutional prohibition on cruel punishment as applied to late adolescents, a class to which he belongs. The State contends that Brennan waived his ability to argue that the sentence is unconstitutional as applied to him because he specifically negotiated for his standard range sentence in exchange for his guilty plea. The State relies on *State v. Moten*, 95 Wn. App. 927, 976 P.2d 1286 (1999), to support its proposition. We agree with the State.

As a general rule, standard range sentences cannot be appealed. RCW 9.94A.585(1); *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). "However, a defendant may appeal the process by which a trial court imposes a sentence." *In re Pers. Restraint of Marshall*, 10 Wn. App. 2d 626, 635, 455 P.3d 1163 (2019) (emphasis omitted). This allows the defendant to challenge the trial court's refusal to exercise its discretion or the legal conclusions underlying the trial court's decision. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

---

[3] This direct appeal comes approximately 18 years after the entry of Brennan's judgment and sentence. Generally, a notice of appeal must be filed within 30 days after the entry of the judgment and sentence. RAP 5.2(a). However, under RAP 18.8(b), we may, in extraordinary circumstances and to prevent a gross miscarriage of justice, extend the time within which a party must file a notice of appeal. On April 30, 2021, a commissioner of this court entered an order accepting Brennan's notice of appeal under RAP 18.8(b) based on the State's concession that the trial court did not appear to have given a full advisement regarding his right to appeal. The commissioner's ruling did not determine whether Brennan was seeking to file an appeal in an area in which he waived his right to appeal.

In *Moten*, the State charged the defendant with one count each for a violation of the Uniform Controlled Substances Act (UCSA) by delivery of a controlled substance and possession of a controlled substance. 95 Wn. App. at 928. As part of a plea agreement, the defendant entered an *Alford*[4] plea to one count of criminal solicitation of the UCSA. *Id*. at 928-29. At sentencing, the court imposed a standard range sentence which was shorter than the agreed State's recommendation. *Id*. at 929. The defendant then appealed his sentence arguing that it constituted cruel and unusual punishment and violated his equal protection rights. *Id*. at 928-29.

Division One of this court held that Moten expressly waived his right to challenge his standard range sentence. *Id*. Relying on a line of case law, the court reasoned that "[Moten] specifically negotiated his standard range sentence as part of a plea agreement and cannot now choose to argue that the sentence is unconstitutional as applied to him." *Id*. at 934.

We conclude that the waiver doctrine discussed in *Moten* applies here. Like *Moten*, Brennan and the State jointly agreed to recommend a standard range, 300 month sentence in exchange for his guilty plea to murder in the first degree while armed with a deadly weapon (firearm). Because Brennan negotiated his standard range sentence in exchange for his guilty plea, like the defendant in *Moten*, he should not now be able to argue that the sentence is unconstitutional as applied to him. Brennan received the benefit of his bargain and he offers no contrary argument as to why the waiver doctrine discussed in *Moten* should not apply under these circumstances. Accordingly, we affirm.

Even if we declined to apply the waiver doctrine discussed in *Moten*, we would conclude that the trial court did not err by failing to consider the mitigating qualities of Brennan's youth based on the fact that he was 19 years old at the time he committed the offense.

---

[4] *North Carolina v Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

4

Brennan essentially challenges the trial court's process in imposing the jointly recommended sentence. More specifically, Brennan relies primarily on *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), and *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), in arguing that the sentencing statutes at issue are unconstitutional as applied to him because, under those Supreme Court decisions, the trial court: (1) must have the discretion to depart from the mandatory minimum sentencing statutes at issue and (2) was required to consider the mitigating qualities of his youth when presented with a sentence jointly recommended by the parties. We disagree that the trial court erred in this case.

Recently, in *State v. Nevarez*, we discussed the impact of the above cited Supreme Court cases on defendants over the age of 18:

> [Nevarez] relies in part on the directive in *Houston-Sconiers* that trial courts *must* consider the mitigating qualities of youth when sentencing a juvenile defendant. 188 W[n].2d at 21. . . . . When sentencing an adult defendant, however, trial courts are merely "*allowed* to consider youth as a mitigating factor." *O'Dell*, 183 W[n].2d at 696 . . . (emphasis added). *O'Dell* does not compel a trial court [] to do so, however. Therefore, Nevarez's assertion that *O'Dell* and *Houston-Sconiers* required the trial court to consider the mitigating qualities of youth at his sentencing is without merit.
>
>  Notably, in [*Monschke*, 197 Wn.2d at 306 (plurality opinion)], defendants who were 19 and 20 years old were convicted of aggravated first degree murder and given mandatory sentences of life without the possibility of parole (LWOP) under RCW 10.95.030. The lead opinion by our supreme court concluded that the aggravated murder statute was unconstitutional as applied to defendants between the ages of 18 and 20 years old because it required a LWOP sentence for all defendants with no discretion for the trial court to consider individual characteristics at sentencing. *Monschke*, 197 W[n].2d at 326. . . . The court reasoned "that no meaningful neurological bright line exists between age 17 and age 18." *Id*. A more recent supreme court decision explained the fractured nature

of the *Monschke* opinion and cabined its holding ("if *Monschke*'s lead opinion could be read as announcing a holding of this court") to 18 to 20-year-old perpetrators convicted of aggravated first degree murder and sentenced to a mandatory LWOP under RCW 10.95.030. *In re Pers. Restraint of Kennedy*, 200 W[n].2d 1, 24, 513 P.3d 769 (2022). Because Nevarez did not receive a mandatory LWOP sentence, the court's conclusion in *Monschke* is inapplicable here. *Id*. at 23-24. . .

Nevarez did not request an exceptional sentence below the standard range based on his youth. Rather, he and the State submitted a joint recommendation. The court was not *required*, on its own, to consider the mitigating qualities of youth because Nevarez was 18 years old at the time of the murder. *See O'Dell*, 183 W[n].2d at 696. . . (trial court "allowed to consider youth as a mitigating factor" for defendants 18 and older). Therefore, we reject Nevarez's challenge to the trial court's order denying his CrR 7.8 motion.

___ Wn. App. 2d ___, 519 P.3d 252, 255 (2022) (footnote omitted).[5]

As *Nevarez* makes clear, the trial court was not required to consider the mitigating qualities of Brennan's youth at his sentencing hearing because he was 19 years old at the time of the offense and because he did not request an exceptional downward sentence. Rather, Brennan and the State submitted a jointly recommended sentence of 300 months—the low end of the standard range. Additionally, *Monschke* is simply inapplicable here because Brennan did not receive a mandatory LWOP sentence under RCW 10.95.030. Therefore, even if we declined to apply the waiver doctrine discussed in *Moten*, we conclude that the trial court did not err in failing to consider Brennan's youthfulness when it imposed his requested sentence.

---

[5] We stayed Brennan's appeal pending the Supreme Court's decision in *In re Personal Restraint of Davis*, 200 Wn.2d 75, 514 P.3d 653 (2022). In that case, our Supreme Court held that *Monschke* was not material to Davis in part because he was not faced with a mandatory LWOP sentence. *Id*. at 84.

Accordingly, we affirm Brennan's standard range sentence for murder in the first degree while armed with a deadly weapon (firearm).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

I concur:

Worswick, J.P.T.

MAXA, J. (concurring) – I agree with the first part of the majority opinion, which holds that Randy Brennan cannot appeal the sentence to which he agreed as part of a plea bargain. I would affirm only on that basis. However, I disagree with the second part of the opinion for the reasons stated in my dissent in *State v. Nevarez*, ___Wn. App. 2d ___, 519 P.3d 252, 255-57 (2022).

_____
MAXA, P.J.